**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 15 2000
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | | |
|---|---|---|
| STUBBS COLLECTIONS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:CV-99-2440-P |
| | § | |
| SIDNEY STUBBS DAVIS and, | § | |
| STUBBS DAVIS COMPANY | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, Stubbs Collections, Inc. ("SCI") sues Defendants, Sidney Stubbs Davis and Stubbs Davis Company (collectively "Davis"), for the following reasons:

### PARTIES, JURISDICTION AND VENUE

1. SCI is a Texas corporation headquartered in Dallas, Texas.

2. Stubbs Davis is an individual who resides in Plano, Texas. Mr. Davis has already appeared in this matter.

3. Stubbs Davis Company is a Texas Corporation headquartered in Addison, Texas. Stubbs Davis Company has already appeared in this matter.

4. This action arises under Sections 32 and 43(a) of the Lanham Act, as amended 15 U.S.C. §§ 1114 and 1125(a). This Court has jurisdiction of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has supplemental jurisdiction over SCI's state law claims under 28 U.S.C. §§ 1338(b) and 1367 because these claims are so related to the claims over which the Court has



original jurisdiction that they form part of the same case or controversy.

6. Davis has transacted business in the State of Texas and in particular the Northern District sufficient to support personal jurisdiction.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because it is the judicial district where a substantial part of the events or omissions giving rise to SCI's claims occurred.

## FACTS

8. SCI is engaged in the business of designing, manufacturing, distributing and selling clothing and related goods.

9. Davis is the founder and minority shareholder of SCI. The company was initially incorporated as Collections by Stubbs, Inc. On or about April 19, 1995, Collections by Stubbs, Inc. changed its name to Stubbs Collection, Inc. All of the assets owned by Collections by Stubbs, Inc. continued to be owned by SCI. Davis was the President and a member of the board of directors of SCI until he resigned in October of 1997.

10. From a date at least as early as 1992, SCI, or its predecessors in interest, has continuously used the name STUBBS ("Stubbs Name") in advertising of its goods. In addition, SCI has continuously used the trademarks STUBBS COLLECTION and STUBBS COLLECTIONS and Design (individually and collectively, "Stubbs Mark") on its goods.

11. Beginning before the acts by Davis precipitating this suit, SCI has continuously used the Stubbs Name and the Stubbs Mark in Texas and throughout the United States.

12. SCI has utilized the Stubbs Name and the Stubbs Mark to attract consumer recognition to its business and goods and to create an association between the Stubbs Name and the Stubbs Mark and SCI's business and goods as an indication of sole and exclusive source of origin.

13. SCI owns U.S. Trademark Registration No. 1,944,320, registered on December 26, 1995, prominently depicting the name "Stubbs," as more fully revealed by the Certificate of Registration attached as Exhibit A.

14. For the past seven years, SCI has spent substantial amounts in advertising and promoting the Stubbs Name and Stubbs Mark to the public in the State of Texas and nationwide. SCI has developed valuable trade name and trademark rights, including statutory and common law rights, in the Stubbs Name and Stubbs Mark extending nationwide.

15. As a result of SCI's substantial use and promotion, the Stubbs Name and Stubbs Mark have become well-known in interstate commerce as identifying SCI's business and the source of its goods and distinguishing SCI's goods from those of others. The Stubbs Name and Stubbs Mark have acquired a secondary meaning, and the Stubbs Name and Stubbs Mark through widespread public acceptance and recognition have become a symbol of the company, its quality products and its goodwill.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

16. SCI realleges and incorporates by reference the allegations contained in paragraphs 1 through 15.

17. On information and belief, in or about October 1997, Defendants began using the name "Stubbs Davis" for a new business they started to compete with SCI and for goods that Defendants' are marketing and selling, or preparing to sell, in competition with SCI's goods.

18. Davis has infringed the Stubbs Name and Stubbs Mark by various acts, including

operating a site on the Internet at the Uniform Resource Locators ("URL's") http://www.stubbsdavis.com and http://www.stubbscollection.com selling, offering for sale and advertising clothing and related goods.

19. Davis' use of the name "Stubbs Davis" is confusingly similar to SCI's use of the Stubbs Name and Stubbs Mark, and is likely to cause confusion, mistake or deception of the purchasing public as to the source or origin of Davis' goods.

20. Davis intentionally adopted the name "Stubbs Davis" for his business and goods so as to be confusingly similar to the Stubbs Name and Stubbs Mark used by SCI in an effort to trade on the goodwill and reputation SCI has developed in conjunction with the Stubbs Name and Stubbs Mark.

21. By reason of SCI's prior lawful adoption, use and registration of the Stubbs Mark, SCI's rights in and to the Stubbs Name and Stubbs Mark are superior to and have superseded any rights that Defendants may assert in the name "Stubbs Davis" for a competing business or goods, and SCI is the owner of the exclusive right to use the Stubbs Name and Stubbs Mark in connection with clothing and related goods.

22. At the time he adopted and began manufacturing, distributing, marketing, promoting, selling, or preparing to manufacture, distribute, market, promote or sell, goods in the United States under the name "Stubbs Davis," Davis had actual knowledge of SCI's prior and superior right to the Stubbs Name and Stubbs Mark for clothing and related goods throughout the United States.

23. Davis' adoption and use of the name "Stubbs Davis" through close simulation and copying of SCI's use of the Stubbs Name and Stubbs Mark constitutes a deliberate attempt by Defendants (a) to deceive the trade and purchasing public into believing that Defendants' goods are

those of SCI or are connected with, affiliated with or sponsored by SCI; (b) to benefit illegally from the goodwill and renown established by SCI in its business, products and services; (c) to palm off Defendants' goods as that of SCI or affiliated with SCI; and (d) to compete unfairly with SCI.

24. SCI and Davis are conducting business and advertising, promoting, rendering or otherwise selling their goods in the same or similar channels of trade.

25. The type of consumers who purchase or will purchase the respective goods of the parties are similar or identical.

26. The marks and names used by the parties to designate the origin of their respective goods are confusingly similar.

27. In view of the confusingly similar nature of the parties' marks and names, the substantial similarity of the parties' businesses and the channels of trade, products and classes of customers of the parties' products and services, Defendants' continued use of the name "Stubbs Davis" is likely to cause confusion, mistake and deception among purchasers, leading them to believe that Defendants' business and its goods are those of, are sponsored or approved by, or in some way connected with SCI, to the irreparable injury of SCI and the consuming public. Despite such a likelihood of public confusion, mistake or deception, Davis adopted, and is using the name "Stubbs Davis" in connection with his business and goods.

28. Defendants' acts have for their objective the willful appropriation of SCI's rights in the Stubbs Name and Stubbs Mark and the valuable goodwill of SCI's business, thereby unlawfully benefitting Defendants.

29. Defendants' acts have had and will continue to have a substantial adverse effect on SCI's rights in the Stubbs Name and Stubbs Mark.

30. Defendants' acts have caused and will continue to cause SCI monetary damages in an amount not presently capable of determination.

31. Defendants' acts constitute infringement of SCI's U.S. Trademark Registration No. 1,944,320 in direct violation of Section 32 of the Federal Lanham Act, 15 U.S.C. § 1114.

32. Defendants' acts have caused and will continue to cause SCI monetary damages in an amount not presently capable of determination.

33. SCI has suffered irreparable harm and injury due to Davis' actions and will continue to suffer irreparable harm and injury unless Davis is enjoined from his infringing activities.

34. SCI has no adequate remedy at law.

## COUNT II
## FEDERAL FALSE REPRESENTATION AND FALSE DESIGNATION OF ORIGIN

35. SCI realleges and incorporates by reference the allegations contained in paragraphs 1 through 34 above.

36. In view of the confusingly similar nature of the parties' names and marks, the substantial similarity of the channels of trade, and classes of customers of the parties' goods, Davis' continued use of the name "Stubbs Davis" in connection with his business and his clothing and other goods is likely to cause confusion, mistake, and deception among purchasers, leading them to believe falsely that Davis' business and goods are those of, are sponsored or approved by, or are in some way connected with SCI to the irreparable injury of SCI and the consuming public. Despite such a likelihood of public confusion, mistake or deception, Davis adopted, used or is preparing to use the Stubbs name in connection with his business and goods.

37. Davis' acts constitute false representation and false designation of origin in the nature

of trademark and trade name infringement and unfair competition, all in direct violation of Section 43(a) of the Federal Lanham Act, 15 U.S.C. § 1125(a).

38. Defendants' acts have caused and will continue to cause SCI monetary damages in an amount not presently capable of determination.

39. SCI has suffered irreparable harm and injury due to Davis' actions and will continue to suffer irreparable harm and injury unless Davis is enjoined from his infringing activities.

40. SCI has no adequate remedy at law.

## COUNT III
## FEDERAL DILUTION

41. SCI realleges and incorporates by reference the allegations contained in paragraphs 1 through 40 above.

42. The Stubbs Mark is a famous mark. Davis' acts as set forth above, have diluted and will continue to dilute the distinctive quality of the Stubbs Mark in violation of Section 43(c) of the Federal Lanham Act, 15 U.S.C. § 1125(c).

43. Davis willfully intended to trade upon the reputation of SCI and to cause dilution of the Stubbs Mark in violation of 15 U.S.C. § 1125(c)(2).

44. SCI has suffered irreparable harm and injury due to Davis' actions and will continue to suffer irreparable harm and injury unless Davis is enjoined from his infringing activities.

45. SCI has no adequate remedy at law.

## COUNT IV
## TEXAS COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT

46. SCI realleges and incorporates by reference the allegations contained in paragraphs 1 through 45 above.

47. Davis' acts, as set forth above, constitute trademark and trade name infringement under the common law of the State of Texas.

48. In view of the confusingly similar nature of the parties' trademarks and trade names, the substantial similarity of the channels of trade, and classes of customers of the parties' goods, Davis' continued use of the name "Stubbs Davis" in connection with his business and his clothing and other goods is likely to cause confusion, mistake and deception among purchasers, leading them to believe falsely that Davis' business and his clothing and other goods are those of, are sponsored or approved by, or are in some way connected with SCI to the irreparable injury of SCI and the consuming public. Despite such a likelihood of public confusion, mistake or deception, Davis adopted, used or is preparing to use the name "Stubbs Davis" in connection with his goods.

49. Davis' acts have caused and will continue to cause SCI monetary damages in an amount not presently capable of determination.

50. SCI has suffered irreparable harm and injury due to Davis' actions and will continue to suffer irreparable harm and injury unless Davis is enjoined from his infringing activities.

51. SCI has no adequate remedy at law.

## COUNT V
## TEXAS COMMON LAW UNFAIR COMPETITION

52. SCI realleges and incorporates by reference the allegations contained in paragraphs 1 through 51 above.

53. Davis' acts as set forth above constitute unfair competition under the common law of the State of Texas.

54. Upon information and belief, the acts of Davis, as alleged above, have been done with the intent to deceive the public, for the purpose of misappropriating SCI's valuable goodwill and proprietary interest in the Stubbs Name and Stubbs Mark, and Davis has acted to cause injury to SCI, all of which constitute unfair competition under the laws of the State of Texas.

55. Defendants' acts have caused and will continue to cause SCI monetary damages in an amount not presently capable of determination.

56. SCI has suffered irreparable harm and injury due to Davis' actions and will continue to suffer irreparable harm and injury unless Davis is enjoined from his infringing activities.

57. SCI has no adequate remedy at law.

## COUNT VI
## TEXAS DILUTION

58. SCI realleges and incorporates by reference the allegations contained in paragraphs 1 through 57 above.

59. The conduct of Davis is likely to dilute the Stubbs Name and Stubbs Mark and injure SCI's business reputation by tarnishing, blurring, diluting and disparaging SCI's reputation, goodwill, trademark and trade name in violation of section 16.29 of the Texas Business and Commerce Code.

60. SCI has suffered irreparable harm and injury due to Davis' actions and will continue to suffer irreparable harm and injury unless Davis is enjoined from his infringing activities.

61. SCI has no adequate remedy at law.

## COUNT VII
## COMMON LAW MISAPPROPRIATION

62. SCI realleges and incorporates by reference the allegations contained in paragraphs 1 through 61 above.

63. Davis' misappropriation of SCI's effort in developing and establishing the use of the Stubbs Name and Stubbs Mark, sales of goods, or preparing to sell goods, under the name "Stubbs Davis", and the goodwill associated with that business, constitute misappropriation under the common law of the State of Texas.

64. SCI has suffered irreparable harm and injury due to Davis' actions and will continue to suffer irreparable harm and injury unless Davis is enjoined from his infringing activities.

65. SCI has no adequate remedy at law.

## REQUEST FOR RELIEF

Plaintiff asks that Defendants be cited to appear and answer and, following final hearing that Plaintiff obtain the following relief:

1. That Stubbs Davis and Stubbs Davis Company and all others acting under their direction or control, or in concert with them be preliminarily and permanently enjoined and restrained from:

    (a) infringing SCI's rights in the Stubbs Name and Stubbs Mark;

    (b) using a name or mark that contains "Stubbs" or otherwise so closely resembles

the Stubbs Name or the Stubbs Mark that the public likely would be confused, mistaken or deceived into believing that there is some connection between Stubbs Davis or Stubbs Davis Company and SCI;

    (c)    diluting the distinctive quality of the Stubbs Name and Stubbs Mark; and

    (d)    unfairly competing with SCI in any manner whatsoever;

2. That Stubbs Davis and Stubbs Davis Company and all others acting under their direction and control, or in concert with them, be ordered to immediately deliver up for destruction all signs, molds, prints, labels, invoices, advertising materials, promotional materials and any and all other materials which bear the name "Stubbs" or "Stubbs Davis" or any name so reminiscent of the Stubbs Name or Stubbs Mark as to be likely to be confusing or deceptive to the public, and all other means and materials for making and reproducing same;

3. That Stubbs Davis and Stubbs Davis Company be ordered to file with the Court and to serve upon SCI within thirty (30) days after service of the injunction a report, in writing and under oath, setting forth the manner and form in which they have complied with the injunction and any further orders of this Court;

4. That SCI recover its actual damages and trebling of same, profits and costs of suit pursuant to 15 U.S.C. § 1117(a);

5. That SCI recover punitive damages;

6. That SCI be awarded its reasonable attorney's fees as required by 15 U.S.C. §1117(b), or in the alternative, under 15 U.S.C. § 1117(a) since this is an exceptional case.

7. All lawful prejudgment and postjudgment interest at the highest rate allowed by law;

8. Costs of court; and

9.   Such other relief to which Plaintiff may be justly entitled.

                                            Respectfully submitted,

                                            BAKER BOTTS L.L.P.

                                            By: _____
                                                Rod Phelan
                                                State Bar No. 15899800
                                                José M. Luzarraga
                                                State Bar No. 00791149
                                                900 Trammell Crow Center
                                                2001 Ross Avenue
                                                Dallas, Texas 75201-2916
                                                (214) 953-6500
                                                (214) 953-6503 (Fax)

                                            ATTORNEYS FOR PLAINTIFF
                                            STUBBS COLLECTIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of July, 2000, a true and correct copy of the above and foregoing document was served by certified mail on counsel of record as follows:

Christopher M. Weil
Anthony A. Petrocchi
Jeffrey W. Hellberg
Weil & Petrocchi, P.C.
1900 Thanksgiving Tower LB 100
1601 Elm Street
Dallas, Texas 75201

                                            _____
                                            José M. Luzarraga